98 F.3d 1333
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
John McCABE, Plaintiff, Appellant,
v.
Leonard MACH, etc., et al., Defendants, Appellees.
 No. 94-1881.
 United States Court of Appeals, First Circuit.
 Oct. 11, 1996.
 
 John McCabe on brief pro se.
 Scott Harshbarger, Attorney General, Shelley L. Taylor, Assistant Attorney General, Nancy Ankers White, Special Assistant Attorney General, and William D. Saltzman, Department of Correction, on brief for appellees.
 D.Mass.
 AFFIRMED.
 Before SELYA, CYR and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 We have reviewed carefully the record in this case, including the trial transcript and the briefs of the parties. We find no reversible error to have occurred. We add only the following.
 
 
 2
 We find no abuse of discretion in the trial court's denial of McCabe's request for appointment of counsel. In a civil case, counsel is required only in "exceptional circumstances" where absence of counsel is "likely to result in fundamental unfairness impinging on [a litigant's] due process rights." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir.1991). The instant case, which did not involve particularly complex questions of law or fact, presented no such exceptional circumstances.
 
 
 3
 Nor did the court abuse its discretion in admitting testimony, pursuant to Fed.R.Evid. 404(b), concerning prior acts of institutional violence committed by McCabe. Such evidence had bearing on the correction officers' state of mind while attempting to remove McCabe from his cell and thus was relevant to their defense against McCabe's claim to have been the victim of constitutionally excessive force. See McCrary-El v. Shaw, 992 F.2d 809, 812 (8th Cir.1993). The court committed no error in determining that the probative value of this testimony outweighed any prejudicial effect it might have had on McCabe.
 
 
 4
 Finally, we find no reversible error in defense counsel's appeal to the jurors to "[p]ut yourselves in the [shift commander's] position and ask, as he stood, whether his decision was reasonable." Counsel was not improperly asking the jurors "to depart from neutrality and decide the case on the basis of personal interest and bias rather than on the evidence," Forrestal v. Magendantz, 848 F.2d 303, 309 (1st Cir.1988), but to evaluate the reasonableness of the situation from what was known to the shift commander. Such an appeal to "collective common sense" is not an inappropriate invocation of the "golden rule." United States v. Abreu, 952 F.2d 1458, 1471 (1st Cir.), cert. denied, 503 U.S. 994 (1992). Moreover, any possible prejudice which might have arisen was corrected by the court's instructions to the jury that it determine the case "entirely on the evidence as you have seen it and heard it right in this courtroom. Without any bias, without any prejudice." See Forrestal, 848 F.2d at 309 (no prejudice where proper instruction cured "golden rule" error).
 
 
 5
 Affirmed.